FILED
2016 Jul-29  PM 01:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | |
|---|---|
| JOHN PILATI, ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **3:12-cv-08012-VEH-JEO** |
| ) | **3:07-cr-00082-VEH-JEO** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| **Respondent.** ) | |

---

## MEMORANDUM OPINION

This case is a counseled "Motion to Vacate, Set Aside, or Correct Conviction and Sentence" filed by the petitioner, John Pilati ("Petitioner"), pursuant to 28 U.S.C. § 2255. The motion was referred to a magistrate judge for report and recommendation.[1] The magistrate judge filed a report and recommendation recommending that the motion be denied. Petitioner filed objections. The Government filed a notice of no objections.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and his

---

[1] The magistrate judge to whom the motion was referred was, by consent of the parties, the trial judge in the underlying criminal action.

recommendation is **ACCEPTED**.  The Court **EXPRESSLY REJECTS** all of Petitioner's objections and finds no objected-to errors in the report and recommendation.[2] Accordingly, Petitioner's motion is due to be **DENIED** and the petition is due to be **DISMISSED WITH PREJUDICE**.  A Final Judgment Order will be entered.[3]

      **DONE** this the 29th day of July, 2016.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[2] Which is the standard of review, as it is the objecting party's obligation to make their objections with specificity. While Petitioner clearly disagrees with almost every aspect of the sixty-four page report and recommendation (doc. 11) in his forty-three page objections (doc. 14), the court finds no merit in any of the objections.

[3] The court had concerns about its jurisdiction in this case (see doc. 16), but finds that it has such jurisdiction for the reasons set out in the Government's response (doc. 18).